# United States Court of Appeals
## For the First Circuit

No. 19-1572

UNITED STATES OF AMERICA,

Appellee,

v.

DALNOVIS DELAROSA ARIAS,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Patti B. Saris, U.S. District Judge]

Before

Thompson, Boudin, and Kayatta,
Circuit Judges.

Robert C. Andrews on brief for appellant.
Andrew E. Lelling, United States Attorney, and Donald C.
Lockhart, Assistant United States Attorney, on brief for appellee.

November 9, 2020

**BOUDIN, <u>Circuit Judge</u>.**   Dalnovis Delarosa Arias pled guilty to possession with intent to distribute heroin, 21 U.S.C. § 841, and conspiracy to possess with intent to distribute heroin, 21 U.S.C. § 846.   Delarosa Arias has appealed, asking this court to set aside his guilty plea to the conspiracy charge.

At his plea hearing, Delarosa Arias admitted that he had conspired with another person, but expressly denied that Minerva Ruiz, named as a co-conspirator in the indictment, was involved in the conspiracy.   The following exchange ensued:

> THE COURT: All right.  So let me read the charge in the indictment, and I'm going to deal with what he just told me.  So do you plead guilty from in [sic] around June, 2017, and continuing through August 24, 2017, in Lawrence, Charlestown, and elsewhere in the District of Massachusetts, that you, Dalnovis Delarosa Arias, and another person, not the cooperator, did knowingly and intentionally combine, conspire, confederate, and agree with each other, and with persons known and unknown to the grand jury, to possess with intent to distribute heroin . . . ?  Do you plead guilty knowingly, freely, and voluntarily to conspiracy with intent to distribute heroin?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And, as I understand it, the disagreement here is who you were conspiring with, that you were conspiring with someone in Texas and maybe somebody else but not with Minerva [Ruiz].  Is that right?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Is that right?
>
> THE DEFENDANT: Yes, but not in Texas.
>
> THE COURT: Well, where is the person?

THE DEFENDANT: In the Dominican Republic.

Based on this colloquy, the district court accepted Delarosa Arias' plea to the conspiracy charge. He received a ten-year sentence.

On appeal, Delarosa Arias seeks to set aside his conspiracy conviction, arguing that the district court failed to "determine that there is a factual basis for the plea" as required by Federal Rule of Criminal Procedure 11(b)(3). Delarosa Arias claims that "the facts to which he was willing to agree only supported a conspiracy that was not charged in the indictment," since the indictment specifically named Ruiz as his co-conspirator.

Because Delarosa Arias' counsel did not raise this objection below, it is reviewed for plain error. United States v. Smith, 511 F.3d 77, 85 (1st Cir. 2007). However, plainness is beside the point because we find no error.

At his plea hearing, Delarosa Arias admitted to participating in a conspiracy that involved at least one other person. That admission alone provided a "reasoned basis" to believe that Delarosa Arias was guilty of conspiracy. United States v. Matos-Quiñones, 456 F.3d 14, 21 (1st Cir. 2006); see also United States v. Penagarciano-Soler, 911 F.2d 833, 840 n.5 (1st Cir. 1990) ("It is settled law that 'the identity of the other members of the conspiracy is not needed, inasmuch as one person

can be convicted of conspiring with persons whose names are unknown.'") (quoting Rogers v. United States, 340 U.S. 367, 375 (1951)). Delarosa Arias claims that because he did not admit that Ruiz was involved in the conspiracy, his plea lacked a factual basis. But whether Ruiz was involved is irrelevant: he pled guilty to conspiracy, not "conspiracy with Ruiz." See United States v. Gaccione, No. 19-1680, 2020 WL 5869462, at *5 (1st Cir. Oct. 2, 2020). That is enough.

Delarosa Arias' only further argument is that the district court's decision to accept his plea on the basis that he had admitted to conspiring with someone other than Ruiz was an impermissible variance. "A variance occurs when the crime charged remains unaltered, but the evidence adduced at trial proves different facts than those alleged in the indictment." United States v. Mangual-Santiago, 562 F.3d 411, 421 (1st Cir. 2009) (quoting United States v. Yelaun, 541 F.3d 415, 419 (1st Cir. 2008)). Even if the variance argument applies in the context of a guilty plea, see Gaccione, 2020 WL 5869462 at *4, a "variance is grounds for reversal only if it is prejudicial," Mangual-Santiago, 562 F.3d at 421.

Delarosa Arias cannot show that the district court's acceptance of his plea prejudiced him. He argues that when the district court accepted his plea to the conspiracy charge despite his unwillingness to admit Ruiz's involvement, it made him

- 4 -

ineligible for a "safety valve" under the United States Sentencing Guidelines.  While the crime Delarosa Arias pled to carries a ten-year mandatory minimum sentence, the safety valve would have allowed the district court to impose a sentence below the mandatory minimum.  To qualify for the safety valve, Delarosa Arias would have had to "truthfully provide[] to the Government all information and evidence [he had] concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." U.S.S.G. § 5C1.2(a)(5).

No action by the district court precluded him from fulfilling this requirement.  In fact, he did negotiate with the prosecution over his safety valve eligibility up until the afternoon of sentencing.  That these negotiations were unsuccessful does not mean that he was ineligible for the safety valve due to the district court's acceptance of his plea.

Affirmed.